UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN LAING,

    Plaintiff,

v.                                    CASE NO.: 8:13-cv-1041-T-23TGW

BP EXPLORATION & PRODUCTION
INC., et al.,

    Defendants.
_____/

## ORDER

      A January 23, 2014, order (Doc. 39) dismisses Laing's initial complaint, which alleges claims under only Florida law. Laing amends (Doc. 43) his complaint and alleges under only Texas law claims for *quantum meruit*, breach of implied contract, and conversion. BP moves (Doc. 48) to dismiss the complaint, but a July 22, 2014, order (Doc. 67) directs the parties to brief whether to transfer this action to the Southern District of Texas under Section 1404(a). BP argues (Doc. 69) for, and Laing argues (Doc. 68) against, transfer.

## DISCUSSION

      Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Although Section 1404(a) lists only three factors –

convenience of the parties, convenience of the witness, and the interest of justice – a district court may consider, at least, these factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005); *see also* Wright & Miller, *Federal Practice and Procedure*, Vol. 15, § 3847 (4th ed. 2014) ("The three statutory factors . . . are broad generalities that take on a variety of meanings in the context of specific cases. . . . [E]ach case must turn on its particular facts, and the trial court must consider and balance all the relevant factors to determine whether the litigation would proceed more conveniently and whether the interests of justice would be better served by transfer to a different forum." (footnote omitted)).

*1. Location of the Non-party Witnesses*

Laing names two non-party witnesses in Houston and six non-party witnesses – Kayworth Mann, Alfred Scott, an engineer for Pennpro, Bruce Laurion, Zelco Kirincich, and Kevin Carroll – "who all reside in or around Tampa, Florida." (Doc. 68 at 6)  The defendant states, "Plaintiff has already deposed two Houston-based BP witnesses and noticed the deposition of a third . . . . Plaintiff has also indicated that he may seek the deposition of at least five other BP employees as well as a former BP subcontractor, who are all located in the Houston area." (Doc. 69

- 2 -

at 3)  "Thus," according to the defendant, "at least nine potential witnesses are located in the [Southern District of Texas]."  (Doc. 69 at 3)  Also, BP explains that, contrary to Laing's assertion, two of Laing's witnesses – Kirincich and Carroll – no longer reside in Florida.  Kirincich has moved to New York, and Carroll has moved to Virginia.  (Doc. 69-1 at 27, 30)  The majority of likely non-party witnesses is in Houston.  This factor favors transfer.

*2. Location of Relevant Documents and Relative Access to Proof*

As Laing concedes, the predominant bulk of the documents pertaining to this action resides in Houston.  Although electronics mitigates the inconvenience of discovery, conducting from Houston discovery of documents (and the documents' custodians) located mostly in Houston is more convenient than conducting from Florida discovery of documents located mostly in Houston.  On balance, this factor favors transfer.

*3. Location of the Parties*

Each party is located in that party's preferred venue.  This factor is neutral.

*4. Location of Operative Facts*

Laing argues that the operative facts occurred equally in the Middle District of Florida and the Southern District of Texas and that therefore this factor is neutral.  However, BP correctly argues that the disputed facts occurred mostly in the Southern District of Texas.  Although the communications between Laing and BP occurred equally in Florida and Texas, BP's alleged copying of Laing's idea – perhaps the

most important issue in this action – occurred, if at all, in Houston. This factor favors transfer.

*5. Ability to Compel Attendance of Unwilling Witnesses*

Laing argues that more witnesses are "outside the reach" of the Southern District of Texas than the Middle District of Florida. However, Laing bases his argument on the unsupported assertion that a district court presiding over an action in which BP is a party may subpoena any witness employed by BP. However, to subpoena the employee, Rule 45(c)(1)(B) requires BP's "officer" to "regularly transact[] business in person" in Florida. Laing's motion fails to demonstrate that the relevant BP employees regularly transact business in Florida and in person. Accordingly, for reasons similar to the first factor, this factor favors transfer.

*6. Relative Means of the Parties*

BP, an international corporation, has the means – especially compared to Laing, a natural person – to litigate easily from afar. However, Laing's letter to BP demands BP pay – among other amounts – more than $146 million for each day (i.e., more than $6 million for each hour) that BP used his invention. (Doc. 43 at 19) In other words, Laing asserts claims for damages measurable in the billions of dollars.[1] Pursuit of a claim measurable in billions of dollars (assuming Laing's faith in the

---

[1] Laing's demand letter states, "[P]resentment is hereby made by demand for $146,186,315.00 per day (U.S. currency), calculated from the inception of the oil spill and continuing so long as Mr. Laing's invention is used now and into the future." (Doc. 43 at 19) Accordingly, by the end of the eight-six-day leak, BP owed Laing approximately $12.6 billion, which excludes the damages accrue after the spill and "so long as Mr. Laing's invention is used now and into the future."

plausibility of the claims) is a matter sufficient to reduce to near insignificance the monetary difference between litigation in Florida and litigation in Texas. If Laing has even a small chance of collecting his demand for even one day, he can afford to litigate in Houston. This factor is either neutral or somewhat favors transfer.

*7. A Forum's Familiarity with the Governing Law*

Laing alleges claims under only Texas law. The defendant interposes defenses, including the applicable limitations, under Texas law. The correct resolution of Laing's claims requires careful and correct analysis of Texas law. A district judge in Texas indisputably has the advantage in an action based on Texas law. This factor distinctively favors transfer.

*8. The Plaintiff's Choice of Forum*

"[W]here the operative facts underlying the cause of action did not occur within the forum chosen by the plaintiff, the choice of forum is entitled to less consideration." *Windmere Corp. v. Remington Prods., Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985). As discussed above, the operative facts primarily occurred in the Southern District of Texas. Accordingly, this factor slightly favors retention.

*9. Trial Efficiency and the Interests of Justice*

Each party argues that trial efficiency favors that party's preferred venue because the preferred court is more prepared to analyze the governing facts. Laing argues that "[t]his Court is familiar with the allegations and pleadings of th[is] case." (Doc. 68) Of course, "this court" has only the preliminary and incomplete

knowledge of the dispute that appears in the pleadings and initial motions, and "this court" enjoys no knowledge of the applicable Texas law that will govern. However, as BP asserts, a court in the Southern District of Texas – a venue in which oil and gas litigation is common – is especially prepared to resolve a dispute that depends upon the proper understanding of drilling technology and the customs of the industry. Accordingly, this factor favors transfer.

## CONCLUSION

"The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996). Laing's choice of forum is "clearly outweighed." Most of the factors in this action favor transfer, and those that favor retention are insignificant. Accordingly, this action is **TRANSFERRED** to the Houston Division of the Southern District of Texas.

ORDERED in Tampa, Florida, on August 14, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE